**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7935**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TADASHI DEMETRIUS KEYES, a/k/a Calico,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:03-cr-00008-NKM-RSB-4)

_____

Submitted:  April 10, 2014         Decided:  April 28, 2014

_____

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Tadashi Demetrius Keyes, Appellant Pro Se.  Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tadashi Demetrius Keyes seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2255 (2012) motion, and its subsequent orders denying his motions filed pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). We dismiss the appeal as untimely as to the district court's orders dismissing Keyes's § 2255 motion and denying his first Rule 59(e) motion.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order dismissing Keyes's § 2255 motion was entered on the docket on March 20, 2013. Keyes's first motion for reconsideration under Rule 59(e) was filed within twenty-eight days of this order. The district court's order denying this motion for reconsideration was entered on the docket on June 20, 2013. Although Keyes filed another motion for reconsideration on July 8, 2013, this motion did not toll

2

the period for appealing the court's March 20, 2013 order because it was not filed within twenty-eight days of the entry of that order. Fed. R. Civ. P. 59(e), Fed. R. App. P. 4(a)(4)(A)(iv). The period for filing a notice of appeal of the March 20, 2013 order expired on August 19, 2013, sixty days after the entry of the order denying reconsideration on June 20, 2013. Keyes did not file a notice of appeal until November 22, 2013.

The district court denied the July 8, 2013 Rule 59(e) motion in an order entered on August 7, 2013. The period for filing a notice of appeal of the June 20, 2013 order expired on October 9, 2013, sixty days after the entry of the order denying reconsideration. The notice of appeal was thus untimely as to the June 20, 2013 order denying Keyes's first motion for reconsideration. Because Keyes's failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal as to the March 20, 2013, and June 20, 2013 orders.

The district court's orders denying Keyes's second Rule 59(e) motion and Rule 60(b)(4) motion are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)

3

(2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Keyes has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED